**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LYLE ROBERT GILBERT,

              Petitioner-Appellant,

v.

DANIEL PARAMO, Warden,

              Respondent-Appellee.

No.   18-15162

D.C. No. 3:16-cv-03449-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted February 11, 2019[**]
San Francisco, California

Before: McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

Lyle Gilbert appeals the district court's order dismissing his petition for writ of

habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review the

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's order de novo. *Gonzalez v. Duncan*, 551 F.3d 875, 879 (9th Cir. 2008). We affirm.

Gilbert was convicted of two counts of sexual penetration of a child ten years of age or younger for molesting his daughter on two occasions. Gilbert's wife and daughter testified against him at trial, and his confession to police was played for the jury. Gilbert's counsel called an expert on false confessions and extensively cross-examined Gilbert's daughter and wife, pointing out their possible reasons to lie.

Gilbert argues that his trial counsel was constitutionally ineffective for failing to call an expert witness to testify "that Savanna was either lying or believed an untruth." An ineffective assistance of counsel claim involves a two-prong inquiry. "First, the defendant must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* Gilbert's counsel did not perform deficiently. There was no evidence to suggest that Savanna's memories were false or implanted, and failure to call an expert is not deficient where there is no evidence to support a defense. *See Wilson v. Henry*, 185 F.3d 986, 990 (9th Cir. 1999). Furthermore, counsel's strategic decision to impeach Savanna's testimony by cross-examining her about her motivations to lie was reasonable in light of the evidence available to support that theory.

We decline to expand the certificate of appealability to address the two uncertified claims Gilbert raises. *Mardesich v. Cate*, 668 F.3d 1164, 1169 n.4 (9th Cir. 2012).

**AFFIRMED.**